[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11924

Non-Argument Calendar

_____

GURMANPREET SINGH,

                                                      Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-265-942

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Gurmanpreet Singh petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). He argues that the BIA's decision upholding an Immigration Judge's ("IJ") finding that his testimony was not credible is not supported by substantial evidence.

When, as here, the BIA adopts the reasoning of an IJ's decision, we review both decisions. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Factual and credibility determinations are reviewed for substantial evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). The decision is affirmed if the record, viewed in the light most favorable to the decision, shows that the decision was supported by substantial, reasonable, probative evidence. *Id.* An adverse credibility finding must be based on specific and cogent reasons. *Id.* at 1287. To reverse an adverse credibility determination, the applicant must show that the record compels reversal. *Id.* Demonstrating that the record may also support a contrary conclusion is not sufficient to justify reversal. *Kazemzadeh*, 577 F.3d at 1351.

To be eligible for asylum, an applicant must prove that he either (1) has been persecuted in the past based on race, religion, nationality, membership in a particular social group, or political

opinion; or (2) has a well-founded fear that he will be persecuted in the future on such grounds. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006). Credible testimony can, by itself, prove eligibility. *Id.* However, an adverse credibility finding may form the basis for a denial of relief. *Id.* An IJ may consider the testimony's consistency with record evidence when deciding if it is credible. Immigration and Nationality Act ("INA") § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). An alien who cannot establish asylum eligibility on the merits also cannot establish eligibility for withholding of removal or CAT relief. *Forgue*, 401 F.3d at 1288 n.4.

Here, substantial evidence supports the BIA's decision upholding the IJ's finding that Singh's testimony was not credible. *See Forgue*, 401 F.3d at 1286-87. Singh's testimony that he was attacked on May 8, 2017, is inconsistent with record evidence showing that he was treated for his injuries on May 5, 2017. His testimony that he received stitches on his head is inconsistent with medical records that do not mention a head injury. Finally, his testimony that his parents were attacked after he left India is inconsistent with the medical records stating that his parents were treated for injuries from that attack in May 2017, almost a year before Singh left India. These are specific and cogent reasons justifying the IJ's finding that Singh's testimony was not credible. *See Forgue*, 401 F.3d at 1287; INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). Even if the record would also support Singh's theory that the inconsistencies are because of errors in the supporting documents, rather than in his testimony, he cannot show that the IJ's decision to discredit his testimony based on these inconsistencies was so lacking in support as

4                         Opinion of the Court                  23-11924

to compel reversal. *See Forgue*, 401 F.3d at 1286-87; *Kazemzadeh*, 577 F.3d at 1351. The BIA did not err in affirming the denial as a result. *See Chen*, 463 F.3d at 1231.

**PETITION DENIED**